**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Steven Bradford,

                Plaintiff,

vs.

Network Capital Funding Corporation,

                Defendant.

Case No. 2:25-cv-01019-JAD-MDC

**ORDER GRANTING MOTION TO AMEND (ECF NO. 22)**

Pending before the Court is defendant's *Motion to Amend* ("Motion") (ECF No. 22) its Answer to plaintiff's Complaint. For good cause shown and because it is unopposed, the Court **GRANTS** the Motion.

**<u>DISCUSSION</u>**

**I.    PROCEDURAL BACKGROUND**

This is an employment discrimination case where plaintiff makes claims of workplace discrimination, retaliation, a failure to provide reasonable accommodations, and intentional infliction of emotional distress. *ECF No. 1*. Plaintiff makes these claims in connection to events that occurred when he was formerly employed by defendant and his termination from employment thereof. See *id.* Defendant filed its Answer to defendant's complaint, denying plaintiff's allegations and asserting various affirmative defenses. *ECF No. 10*. It now moves to amend its Answer to assert counterclaims against plaintiff and a proposed additional party, Gigfinder, LLC. *ECF No. 22*. Plaintiff filed a response to the Motion stating that they do not oppose defendant's request.

**II.    LEGAL STANDARD**

Generally, a party may amend its pleadings "as a matter of course" within 21 days of serving it or within 21 days after service of a responsive pleading under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, amendments are only permitted "with the opposing party's written consent or the

1

court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 provides that "[t]he court should freely give leave when justice so requires." *Id.* Generally, the Ninth Circuit has held that Rule 15(a) should be "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *see also Eminence Capital, LLC,* 316 F.3d at 1052 ("undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Ultimately, there is considerable deference to amendment and the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

## III.    ANALYSIS

Defendant seeks the leave of Court to file an amended answer, seeking to add Gigfinder, LLC as a counter-defendant and to make counterclaims against plaintiff and Gigfinder, LLC. *ECF No. 22*. Defendant notes that plaintiff did not agree to stipulate to the amendment. *Id.* at 2. However, plaintiff filed a response to the Motion stating that they do not oppose defendant's requested leave to amend after "considering the arguments [defendant] asserted in its Motion[.]" *ECF No. 29* at 1.

The Court also finds good cause exists to grant defendant's leave to amend. There is no apparent bad faith or undue delay in the Motion. The amendments do not appear to prejudice plaintiff. The

amendments do not appear to be futile. This would be the first time that defendant would have leave of the Court to amend its Answer. Thus, good cause exists to grant defendant's leave to amend.

ACCORDINGLY,

**IT IS ORDERED that:**

1.  Defendant's *Motion to Amend* (ECF No. 22) is **GRANTED**.

2.  Defendant shall file the proposed amended Answer by no later than **January 27, 2026**.

DATED: January 20, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

3